TRINETTE G. KENT (State Bar No. 025180)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Darell Morrison

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| Darell Morrison, | Case No.: |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Northstar Location Services, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Darell Morrison (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Northstar Location Services, LLC (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Buckeye, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in Buffalo, New York, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. On or around January 18, 2017, Defendant called Plaintiff's wife in an attempt to collect the debt.

12. During the ensuing conversation, Defendant advised Plaintiff's wife that if Plaintiff did not call Defendant by the end of the day, Defendant would start garnishing Plaintiff's wages the next morning.

13. However, during a conversation with Plaintiff on or around January 24, 2017, Defendant informed Plaintiff that it could not garnish his wages because it did not have a judgment against him.

14. During the same conversation, Plaintiff requested that Defendant cease all calls to his place of employment.

15. Nevertheless, Defendant continued to call Plaintiff's place of employment.

16. In addition, in a voice-mail message for Plaintiff, Defendant failed to disclose that it was a debt collector attempting to collect a debt.

17. Moreover, on or around March 9, 2017, Defendant called Plaintiff's mother-in-law for purposes other than to confirm or correct location information, as Defendant had already spoken with Plaintiff and his wife.

18. Defendant's actions caused Plaintiff to suffer a significant amount of stress, anxiety, and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

20. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

21. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

22. Defendant communicated with Plaintiff at a time or place known to be inconvenient to Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

23. Defendant communicated with Plaintiff at his place of employment knowing that the employer prohibits Plaintiff from receiving such communication, in violation of 15 U.S.C. § 1692c(a)(3).

24. Defendant communicated with a person other than Plaintiff, Plaintiff's attorney, or a consumer-reporting agency regarding Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692c(b).

25. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

26. Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

27. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

28. Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

29. Defendant, without intending to take such action, represented and/or implied that nonpayment of the alleged debt would result in garnishment of Plaintiff's wages or attachment of Plaintiff's property, in violation of 15 U.S.C. § 1692e(4).

30. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff, in violation of 15 U.S.C.§ 1692e(10).

31. Defendant's agent communicated with Plaintiff and failed to disclose that she was a debt collector and/or that she was attempting to collect a debt, in violation of 15 U.S.C. § 1692e(11).

32. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

33. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: June 15, 2017                    TRINETTE G. KENT

By: __/s/  Trinette G. Kent__
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Darell Morrison

7